UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD JIMMY STANLEY, <br><br> Plaintiff, <br><br> v. <br><br> LARRY HARGROVE, <br><br> Defendant. | Case No.  C05-5057RBL <br><br> REPORT AND RECOMMENDATION <br><br> **NOTED FOR:** <br> **February 17th, 2006** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss.  (Dkt. # 16).  The motion correctly sets forth the standard for dismiss at the 12 (b) (6) stage and defendant argues plaintiff may not maintain an action brought under the Americans with a Disabilities Act  42 U.S.C. § 1983 as the ADA has its own enforcement provisions and mechanisms.  (Dkt # 16).  Plaintiff has not responded to this motion.  Under local rule 7 (b) (2) failure to respond may be deemed by the court as an admission the motion has merit.

## FACTS

Plaintiff is an inmate who worked in the kitchen at the Stafford Creek Corrections Center.  (Dkt. # 5).  On April 14th , 2004 plaintiff saw medical personnel because of back pain.  He was given a Health Status Report, HSR,  for no heavy lifting.  (Dkt. # 5 page 3).  When plaintiff presented the HSR to the food supervisor

1  in the kitchen plaintiff was terminated from his employment and sent back to his unit.  The food supervisor,
2  Larry Hargrove, is the only remaining defendant.

3                                                    DISCUSSION

4       Defendant argues this action may not be maintained in a civil rights action and provides legal
5  authority for that position.  (Dkt. # 16), Thus, defendant challenges the legal theory under which this action
6  has been brought.  Plaintiff did not respond.  The motion should be **GRANTED** and this action dismissed
7  for failure to state a claim.  This dismissal would count as a strike under 28 U.S.C. 1915 (g).

8                                                    CONCLUSION

9       This complaint fails to state a claim and should be dismissed with the dismissal counting as a strike
10 under 28 U. S. C. 1915 (g).  A proposed order accompanies this Report and Recommendation.

11      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
12 parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ.
13 P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v.
14 Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
15 set the matter for consideration on **February 17th, 2006**, as noted in the caption.

17      DATED this 30th day of January, 2006.
18

20                                  */S/ J. Kelley Arnold*
                                    J. Kelley Arnold
21                                  United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2